IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN, #B72799, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00896-SMY |
| WEXFORD HEALTH SOURCES, INC., JOHN BALDWIN, FAIYAZ AHMED, DR. RITZ, VIPIN K. SHAH, LORIE CUNNINGHAM, NURSE BROOKS, HALEY BASNETT, and L. TROTTER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mwamba Ruffin, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his federal and state law rights at Lawrence Correctional Center ("Lawrence"). (Doc. 1). He claims Defendants denied him treatment for his depression, left shoulder mass, and hearing loss. (*Id*. at pp. 1-72). He seeks money damages and injunctive relief.[1] (*Id*. at pp. 1, 7).

---

[1] Plaintiff includes an unspecified request for "Rule 65" relief in the opening paragraph of the Complaint and does not mention it anywhere else. He also transferred from Lawrence soon after filing this action, likely rendering his request for interim relief moot. Plaintiff's request for Rule 65 relief will be dismissed without prejudice. However, if he requires relief during the pending action, Plaintiff may file a motion and affidavit indicating exactly what relief he seeks and the facts that support his request.

1

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. However, before the Court can screen this case, it is necessary to first consider whether any claims are improperly joined in this action. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff has been denied mental health treatment for depression by Defendants Trotter, Basnett, Brooks, Wexford, and Baldwin since June 2017. (Doc. 1, pp. 3-4, 6, 29-34, 40-43). Plaintiff has also been denied surgery and medical care for a painful left shoulder mass and infection by Defendants Ahmed, Shah, Ritz, Wexford, and Baldwin since 2016 (*Id*. at pp. 5-7, 15-22, 25-28, 44-71) and has been denied a hearing examination and hearing aids by Defendant Cunningham. (*Id*. at pp. 6-7, 35-39).

## **Claims**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Eighth Amendment claim against Defendants Trotter, Basnett, Brooks, Wexford, and Baldwin for their deliberate indifference to Plaintiff's mental health needs at Lawrence. (Doc. 1, pp. 3-4, 6, 29-34, 40-43).

**Count 2:** Illinois medical negligence claim against Defendants Trotter, Basnett, Brooks, Wexford, and Baldwin for delaying or denying Plaintiff access to mental health treatment at Lawrence. (Doc. 1, pp. 3-4, 6, 29-34, 40-43).

**Count 3:** Eighth Amendment claim against Defendants Ahmed, Ritz, Shah, Wexford, and Baldwin for their deliberate indifference to Plaintiff's painful left shoulder mass and infection at Lawrence. (Doc. 1, pp. 5-7, 15-22, 25-28, 44-71).

**Count 4:** Illinois medical negligence claim against Defendants Ahmed, Ritz, Shah, Wexford, and Baldwin for delaying or denying Plaintiff medical care and surgery for a painful left shoulder lipoma and infection at Lawrence. (Doc. 1, pp. 5-7, 15-22, 25-28, 44-71).

**Count 5:** Eighth Amendment claim against Defendant Cunningham for delaying or denying Plaintiff's request for a hearing test and hearing aids at Lawrence. (Doc. 1, pp. 6-7, 35-39).

**Count 6:** Illinois medical negligence claim against Defendant Cunningham for delaying or denying Plaintiff's request for a hearing test and hearing aids at Lawrence. (Doc. 1, pp. 6-7, 35-39).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

### Severance

Plaintiff's claims are improperly joined in a single action because they fall into three distinct groups: (1) **COUNTS 1** and **2** against Defendants Trotter, Basnett, Brooks, Wexford, and Baldwin for denying Plaintiff mental health treatment for his depression at Lawrence; (2) **COUNTS 3** and **4** against Defendants Ahmed, Ritz, Shah, Wexford, and Baldwin for denying Plaintiff medical care for his left shoulder mass and infection at Lawrence; and (3) **COUNTS 5** and **6** against Defendant Cunningham for denying Plaintiff a hearing test and hearing aids at Lawrence. These claims involve different defendants, separate transactions or occurrences, and no common questions of fact.

The only exception is that Counts 1 - 4 share two common defendants: Wexford and John Baldwin. However, Plaintiff cannot proceed with Counts 1 and 2 against Wexford and Baldwin[2] because he relies entirely on conclusory assertions and allegations against them. As such, the factual support for these claims is lacking. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, merely invoking the name of a potential defendant in the case caption is not sufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir.

---

[2] Whether these defendants are properly named in connection with Counts 3 and 4 remains to be seen and exceeds the scope of this Order.

1998). Finally, a plaintiff cannot pursue a constitutional claim against a defendant based solely upon his or her supervisory role because the doctrine of *respondeat superior* does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) (Section 1983 liability requires personal responsibility for the deprivation of a constitutional right.). Accordingly, Counts 1 and 2 will be dismissed without prejudice against Wexford and Baldwin who are mentioned only in passing likely because of their supervisory roles at the prison.

The Court will exercise its discretion and sever Counts 3 and 4 against Defendants Ahmed, Ritz, Shah, Wexford, and Baldwin and Counts 5 and 6 against Defendant Cunningham into two additional suits with newly-assigned case numbers. FED. R. CIV. P. 18, 20, and 21; *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607. Thus, Counts 3, 4, 5, and 6 will be screened pursuant to § 1915A in each newly-severed case if Plaintiff chooses to proceed with his claims therein. The only claims that remain in this case are Counts 1 and 2, and the Court will enter a separate screening order for these claims pursuant to 28 U.S.C. § 1915A.

## Disposition

**IT IS ORDERED** that Plaintiff's request for preliminary injunctive relief ("Rule 65" relief) in the opening paragraph of the Complaint is **DENIED without prejudice**.

**IT IS ORDERED** that **COUNTS 3** and **4** against Defendants **AHMED, RITZ, SHAH, WEXFORD,** and **BALDWIN** are **SEVERED** into a new case, which shall be captioned: **MWAMBA RUFFIN, Plaintiff vs. FAIYAZ AHMED, DR. RITZ, VIPIN K. SHAH, L. WEXFORD HEALTH SOURCES, INC.,** and **JOHN BALDWIN, Defendants**.

4

**IT IS ORDERED** that **COUNTS 5** and **6** against Defendant **LORIE CUNNINGHAM** are **SEVERED** into a new case, which shall be captioned: **MWAMBA RUFFIN, Plaintiff vs. LORIE CUNNINGHAM, Defendant**.

In each newly-severed case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) Plaintiff's Motion for Recruitment of Counsel (Doc. 3);
4) This Memorandum and Order Severing Case.

**IT IS ORDERED** that **COUNTS 1** and **2** against **JOHN BALDWIN** and **WEXFORD HEALTH SOURCES, INC.** are **DIMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against them.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **FAIYAZ AHMED, DR. RITZ, VIPIN K. SHAH, LORIE CUNNINGHAM, WEXFORD HEALTH SOURCES, INC.,** and **JOHN BALDWIN** as parties *to this action* in CM/ECF.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action** are **COUNTS 1** and **2** against Defendants **TROTTER, BASNETT,** and **BROOKS.** The Clerk of Court is **DIRECTED** to re-caption this case: **MWAMBA RUFFIN, Plaintiff vs. L. TROTTER, HALEY BASNETT,** and **NURSE BROOKS, Defendants.**

No service will be ordered on the defendants until the Section 1915A review is completed in each case.

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

                                              s/ Staci M. Yandle
                                              **STACI M. YANDLE**
                                              **United States District Judge**