# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-1270-NJR ) |
| FAIYAZ AHMED, DR. RITZ, VIPIN K. SHAH, WEXFORD HEALTH SOURCES, INC., and JOHN BALDWIN, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's motion for not to dismissal (Doc. 13). On November 19, 2019, this case was severed from *Ruffin v. Trotter*, Case No. 19-cv-896-SMY. It involves the claims in Counts 3 and 4 in the original case, described as follows:

> Count 3: Eighth Amendment claim against Defendants Faiyez Ahmed, Dr. Ritz, Vipin K. Shah, Wexford Health Sources, Inc., and John Baldwin for their deliberate indifference to Plaintiff's painful left shoulder mass and infection at Lawrence.
>
> Count 4: Illinois medical negligence claim against Defendants Ahmed, Ritz, Shah, Wexford, and Baldwin for delaying or denying Plaintiff medical care and surgery for a painful left shoulder lipoma and infection at Lawrence.

Plaintiff was ordered to inform the Court in writing by December 26, 2019, as to whether he wished to proceed with his lawsuit and was warned that a failure to respond would result in a dismissal of his case (Doc. 5). Plaintiff did not respond by the deadline and the case was dismissed on January 2, 2020 (Docs. 9 and 12). Plaintiff requests that the Court reconsider that Order. He argues that he filed a response stating his intention to proceed with this lawsuit (Doc. 13, p. 1).

1

The Court notes that the filing he refers to was not filed in the current lawsuit but in his original case (*See Trotter* Case, Doc. 17). Nevertheless, the Court notes that Plaintiff's "affidavit" in that case does indicate his intentions to pursue this case. Because Plaintiff did inform the Court of his intentions to proceed with this lawsuit, albeit in the wrong case, the Court **GRANTS** Plaintiff's motion (Doc. 13) and **VACATES** the Court's dismissal Order (Doc. 9) and Judgment (Doc. 12). The Clerk is also **DIRECTED** to **REINSTATE** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for counsel (Doc. 3).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations with respect to Counts 3 and 4 in the Complaint: Plaintiff has been denied surgery and medical care for a painful left shoulder mass and infection by Defendants Ahmed, Shah, Ritz, Wexford, and Baldwin (Doc. 2, pp. 5-7, 15-22, 25-28, 44-71).

## Discussion

At this stage, Plaintiff has stated a viable claim for deliberate indifference in Count 3 for the treatment of his lipoma. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Plaintiff's medical negligence claim in Count 4 derives from the same facts as his federal constitutional claim and will be allowed to proceed at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, -- F.3d --, 2019 WL 5691878 (7th Cir. Nov. 4, 2019).

## Pending Motions

As to Plaintiff's motion for counsel (Doc. 4), Plaintiff states that he has written a number of attorneys, but they have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 4) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Counts 3 and 4 shall proceed against Faiyez Ahmed, Dr. Ritz, Vipin K. Shah, Wexford Health Sources, Inc., and John Baldwin.

The Clerk of Court shall prepare for Defendants Faiyez Ahmed, Dr. Ritz, Vipin K. Shah, Wexford Health Sources, Inc., and John Baldwin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/10/2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**