IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MWAMBA RUFFIN,

    **Plaintiff,**

v.

    Case No. 3:19-CV-1270-NJR

FAIYAZ AHMED, STEPHEN RITZ,
VIPIN SHAH, WEXFORD HEALTH
SOURCES, INC., and ROB JEFFREYS,

    **Defendants.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter came before the Court on a Motion for Preliminary Injunction (Doc. 79), filed by Plaintiff Mwamba Ruffin, an inmate of the Illinois Department of Corrections ("IDOC"). For the reasons set forth below and on the record at a hearing held yesterday, Ruffin's motion is denied.

## BACKGROUND

    Ruffin has been living with a lipoma on his left shoulder for years (Doc. 79, p. 30). Based on the limited record before the Court, from April 5, 2018, to October 2019, Ruffin's lipoma was monitored and treated by medical staff at Lawrence Correctional Center ("Lawrence") (Doc. 79, pp. 4-5, 8, 10-11, 21, 23, 24). In August 2019, Ruffin filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants have been deliberately indifferent to his lipoma, which causes pain, impacts his sleep, and impacts his range of movement

(Docs. 2, 79).[1] Specifically, Ruffin alleges Defendants have "den[ied] and delay[ed] [him] medical surgery for his painful lump on his shoulder" (Doc. 2). Ruffin alleges that, at all relevant times, Wexford Health Sources, Inc. ("Wexford") had a contract with Illinois to provide health care services to inmates, Dr. Faiyaz Ahmed ("Ahmed") was the Lawrence Medical Director, Dr. Stephen Ritz ("Ritz") was Wexford's collegial review consulting physician, and Dr. Vipin Shah was the Lawrence Medical Director (*Id.*).[2]

Ruffin is proceeding on two claims:

**Count 3:** An Eighth Amendment claim against Defendants Ahmed, Ritz, Shah, and Wexford for their deliberate indifference to Ruffin's painful left shoulder mass and infection at Lawrence.

**Count 4:** Illinois medical negligence claim against Defendants Ahmed, Ritz, Shah, and Wexford for delaying or denying Ruffin medical care and surgery for a painful left shoulder lipoma and infection at Lawrence.

On February 11, 2021, Ruffin filed a Motion for Preliminary Injunction seeking an order directing the IDOC to perform surgery to remove a lipoma on his left shoulder (Doc. 79). Ruffin argues that the treatment on his lipoma has been ineffective, and the x-rays have not stopped the lipoma from growing or hurting (*Id.* at p. 2).

Since filing his complaint,[3] Ruffin was transferred to Big Muddy River Correctional Center ("Big Muddy"). Based on the limited medical records before the

---

[1] By November 2019, this case was severed from *Ruffin v. Trotter*, Case No. 19-cv-896-SMY (Doc. 5).
[2] On June 5, 2020, the Court directed the Clerk to add Rob Jeffreys to this lawsuit for the purposes of implementing any injunctive relief (Doc. 54, p. 1). Previously, Ruffin had named John Baldwin in this lawsuit, but on March 23, 2021, the Court granted John Baldwin's Motion for Summary Judgment for failure to exhaust administrative remedies (Doc. 84).
[3] At the hearing on Ruffin's Motion for Preliminary Injunction, Ruffin testified that he was transferred to Big Muddy in October 2019.

Court, the medical staff at Big Muddy has continued to monitor and treat Ruffin's lipoma from January 18, 2021, to March 10, 2021 (Doc. 83-2, pp. 1-6). In fact, at the recent hearing on Ruffin's Motion for Preliminary Injunction, Dr. Dennis Larson, the Big Muddy Medical Director, testified that he requested to have Ruffin's lipoma surgically removed, and Wexford approved (Doc. 89). Ruffin's surgery is scheduled next month, on June 25, 2021.

## DISCUSSION

### I. Preliminary Injunction

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). To prevail on

a claim of deliberate indifference, a plaintiff must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). First, the plaintiff must have an "objectively serious medical condition." *Id.* at 750.

Ruffin cannot show a reasonable likelihood of success on his deliberate indifference claim against Defendants at this point in the litigation. "The Seventh Circuit has declined to categorically determine whether lipomas constitute a serious medical need." *Whitehead v. Mahone*, 2011 WL 3241352, at *6 (C.D. Ill. July 29, 2011). *See e.g., Martinez v. Hedrick*, 36 F. App'x. 209, 211 (7th Cir. 2002) (finding no evidence that lipoma was a serious medical condition where plaintiff "complained only that the lipoma was tender when touched, that he could not sleep on his left side, and that doctors considered removal an elective procedure"); *Thompson v. Godinez*, 561 F. App'x 515, 519 (7th Cir. 2014) (noting that plaintiff's lipoma "cannot be called a serious medical condition").

District courts in the Seventh Circuit disagree on whether a lipoma is an objectively serious medical condition. For instance, in *Johnson v. Obaisi*, 2019 WL 6117582, at *4 (N.D. Ill. Nov. 17, 2019), the court held that the plaintiff's intramuscular lipoma is an objectively serious medical condition because it "has been diagnosed by a physician as mandating treatment." (citations omitted). While in *Whitehead*, 2011 WL 3241352, the court held the following:

> Plaintiff has not provided any evidence beyond his assertions of pain and discomfort to support the notion that his lipoma is a serious medical need. Instead, his complaints about suffering from dizziness and other symptoms—complaints appearing in his medical records and grievance— are the only material Plaintiff has set forth to establish that his lipoma is a serious medical need.

*Id.* at *6.

Unlike *Johnson*, where the lipoma was intramuscular and implicated the muscle, so far, neither party has provided evidence that Ruffin's lipoma is intramuscular. More importantly, the critical fact in *Johnson* that led the court to determine the lipoma was an objectively serious medical condition is not present here. In *Johnson*, Wexford conducted a "collegial review," where "consulting physician, Dr. Ritz, confirmed [the medical director at Statesville's determination] when he approved [the medical director at Statesville's] request for outside assessment of the lipoma." *Johnson*, 2019 WL 6117582, at *4. The court continued finding that:

> In short, we are not dealing here with a difference of views over the application of medical judgment. The medical judgment was exercised when [the medical director at Statesville] and Wexford referred [plaintiff] for outside treatment for the lipoma. Instead, what is involved here is defendants' failure to follow through on treatment that [the medical director at Statesville] and Wexford themselves found to be medically necessary.

*Id.*

Here, Dr. Ahmed took Ruffin's case to "collegial review," a process where Wexford determines whether to refer an inmate for outside medical consultation or treatment. Like *Johnson*, where the medical director at Statesville "consulted with a Wexford physician who was not at Statesville but was able to review [the medical director's] notes[,]" *id.* at *2, Dr. Ahmed, the medical director at Lawrence, consulted with Dr. Ritz (Doc. 79, pp. 4, 6, 8, 10). But that is where the similarities between *Johnson* and this case end as the collegial review process between Dr. Ahmed and Dr. Ritz did not result in approval by Wexford for surgical removal of the lipoma. (Doc. 79, pp. 4, 6, 8, 10).

Even if Ruffin's lipoma is objectively serious, Ruffin has failed to provide evidence at this stage of the litigation that Defendants were deliberately indifferent to his needs. Ruffin's medical records show that he was receiving medical treatment and supervision from Wexford medical staff related to his lipoma from April 5, 2018, to July 2019 at Lawrence, and from January 18, 2021, to March 10, 2021, at Big Muddy (Doc. 79, pp. 4-5, 8, 10-11, 21, 23, 24; Doc. 83-2, pp. 1-6).[4] While Ruffin's complaint suggests that Dr. Ahmed and Dr. Ritz should have referred him to surgery, there is no evidence that their treatment decisions were made with knowing or reckless disregard to Ruffin's lipoma. As for Wexford, there is no evidence of a Wexford policy or custom before the Court.

In *Johnson*, 2019 WL 6117582, at *4, the court found that "on the question of deliberate indifference, Johnson has likewise established a reasonable likelihood of success." The court explained that it "need not assess here whether there was, or could be, deliberate indifference *prior to* [the medical director at Statesville's] and Wexford's ultimate approval of an outside referral for Johnson in April-May 2017." *Id*. (emphasis added). Instead, the court explained:

> The question before the Court concerns the *period after that*. [The medical director at Statesville] was unquestionably aware of the need for medical treatment for Johnson's lipoma and the substantial likelihood of ongoing pain absent such treatment: [The medical director at Statesville] himself so found in April 2017, and his records document this. And upon receipt of UIC's notes in November 2017 documenting that UIC had not provided the necessary assessment that he himself had ordered, [The medical director at Statesville] did nothing to rectify this but instead signed off on what

---

[4] The record is devoid thus far of evidence regarding treatment of Ruffin's lipoma from September 2019 to January 2021. Ruffin may not have access to all of his medical records as the Court recently entered a scheduling order with a discovery completion date of January 24, 2022 (Doc. 85, p. 2). In Defendants' Response to Plaintiff's Motion for a Preliminary Injunction, Defendants only include medical records from January 2021 to March 2021.

amounted to a failure of necessary treatment. This epitomizes indifference, and there is at least a reasonable likelihood that a jury would find the failure to act deliberate on [the medical director at Statesville's] part.

*Id.* (emphasis added). Here, however, there is no *period after* which Dr. Ahmed and Wexford ultimately approved surgical removal of the lipoma.

Moreover, Ruffin has failed to demonstrate that he will suffer irreparable harm absent injunctive relief. The medical records and the evidence presented do not show that several more months without surgery will cause his conditions to dramatically worsen. In fact, Dr. Larson and Wexford's approval of the surgery to remove Ruffin's lipoma necessarily moots his request for injunctive relief as Ruffin's surgery is scheduled for June 25, 2021—less than 45 days from today (Doc. 89). *See e.g., Barrow v. Wexford Health Sources, Inc.*, 2016 WL 4371625, at *5 (S.D. Ill. June 6, 2016) (adopting the report and recommendation which found inmate's request as moot "[b]ecause [the inmate's] request has been satisfied"). Accordingly, Ruffin is not entitled to preliminary injunctive relief at this time (Doc. 79).

## CONCLUSION

For these reasons, Ruffin's Motion for Preliminary Injunction (Doc. 79) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 20, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**