IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MWAMBA M. RUFFIN,** | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-1270-NJR |
| **FAIYAZ AHMED, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Wexford Health Sources, Inc.'s motion to reconsider (Doc. 88). Wexford asks the Court to reconsider its March 23, 2021 Order denying summary judgment on the issue of exhaustion (Doc. 84). Plaintiff Mwamba M. Ruffin filed a response (Doc. 97) in opposition to the motion. On December 8, 2021, Wexford sought and was granted leave to file a supplemental letter brief (Docs. 108, 110-111).

## BACKGROUND

On November 19, 2019, Ruffin filed his Complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and medical negligence (Doc. 2).[1] As to Wexford, Ruffin alleged it was deliberately indifferent to his painful left shoulder mass and infection at Lawrence (Doc. 14, p. 1). He also alleged a medical

---

[1] The claims in this case were severed from *Ruffin v. Wexford Health Sources, Inc.*, Case No. 19-cv-896-SMY.

negligence claim against Wexford (*Id.*). On August 3, 2020, Wexford sought summary judgment, arguing that Ruffin failed to exhaust his administrative remedies against Wexford (Doc. 62).

Wexford acknowledges that it did not refer to Ruffin's August 26, 2018 grievance in its motion (*Id.* at pp. 3-8; Doc. 60-3, pp. 99-100). That grievance alleged that Ruffin had three referrals for surgery, "but Wexford administrators along with the IDOC Lawrence Medical Director continue to deny Dr. Ahmed's referrals…For over 2 years Wexford has continue[d] to deny and violate my medical rights and the 8th Amendment. Dr. Ahmed has referr[ed] me to be seen by an outside dermatologist, but Wexford has denied those referrals saying that it is a cosmetic issue, and because of this policy of theirs I am unable to have this lump…removed." (Doc. 60-3, pp. 99-100).

As there were no disputed issues of fact, the Court did not hold a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). On March 23, 2021, the Court entered an Order denying Wexford's motion for summary judgment (Doc. 84). Identifying the August 26, 2018 grievance, which Wexford failed to even cite in its motion, the Court noted that the grievance exhausted the claims against Wexford because it specifically referred to Wexford's practice of denying Dr. Ahmed's referrals for Ruffin (Doc. 84, p. 10). Although Ruffin did not identify a specific policy, he offered enough information to put the prison on notice of his issue with Wexford's practice of denying him medical care (*Id.* at p. 11). In addressing Wexford's notion that a vague assertion in a grievance would not put Wexford on notice of a policy or practice of theirs that Ruffin was grieving, the Court found the argument hard to believe given the numerous cases

pending regarding delays in authorization referrals. In doing so, the Court cited to *Lippert, et al. v. Ghosh et al.*, Case No. 10-cv-04603, Doc. 339 at 29, Doc. 767 at 63-64.

In its motion to reconsider Wexford argues that citing to *Lippert* was improper and essentially resulted in the Court taking judicial notice of the findings in *Lippert*. In addition to its objection to the citation to *Lippert*, Wexford also argues that the Court was incorrect in finding that the August 26, 2018 grievance was enough to exhaust Ruffin's claims against Wexford because the grievance fails to cite to a specific policy. Wexford argues that nothing in the grievance puts it on notice of any shortcomings in any of its policies. In its supplement letter brief, Wexford argued that the Court relied on the *Lippert* report, finding that it put Wexford on notice of Ruffin's claims for exhaustion purposes.

## LEGAL STANDARDS

Although Wexford fails to indicate which Federal Rule of Civil Procedure it brings its motion to reconsider under, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged

order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court

made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

## ANALYSIS

Simply put, Wexford's motion fails under either standard. Wexford argues that it was a mistake for the Court to cite to the *Lippert* report and that the Court took judicial notice and then relied on the report to find that Wexford had notice of Ruffin's claims for exhaustion purposes. This is a mischaracterization of the Court's Order (Doc. 84). The Court did not take judicial notice of the *Lippert* report in its findings nor did it base its ruling on the case. Instead, after clearly finding that the August 26, 2018 grievance included Ruffin's claims against Wexford, the Court sought to address Wexford's argument that any mention of a policy, that was not specific, would not put it on notice of Ruffin's claims. The Court took issue with that position, noting that Wexford is a party in a number of cases where plaintiffs have alleged, like Ruffin in this case, that Wexford delayed their care and referral to specialists. The Court did not intend its Order to take judicial notice of the *Lippert* report or to rely on it in its ruling.

Even prior to referring to the *Lippert* report, the Court found that the August 26, 2018 grievance exhausted Ruffin's claims against Wexford. Wexford acknowledges that it did not cite to the August 26, 2018 grievance—even though it had the opportunity to do so in its initial motion for summary judgment. Wexford also did not file a reply brief in response to Ruffin's contention that the August 26, 2018 grievance exhausted his claims (Doc. 67, p. 1). To the extent that it now argues that the August 26 grievance did not exhaust Ruffin's claims against Wexford, this is an argument that could have been raised

in its original motion but was not. This is not a proper argument for a motion to reconsider, as Wexford's issue with the grievance could have been raised in a filing prior to the Court's ruling. Thus, any argument now that the August 26, 2018 grievance did not exhaust as to Wexford is untimely.

Further, the statements regarding Wexford in Ruffin's grievance were enough to exhaust Ruffin's claims. Wexford argues that Ruffin must refer to a specific policy in his grievance in order to put it on notice of his claims. It cites to *Nally v. Obaisi*, Case No. 17-cv-2909, 2019 WL 6527953, at *4 (Dec. 4, 2019), an opinion from the Northern District of Illinois. In that case, the district judge found that the plaintiff's reference to "changes in policies/procedures treatment for an injury to my knee" was too vague and did not give prison staff "a fair opportunity to address a complaint against Wexford." *Nally*, 2019 WL 6527953 at *3. The district judge found the "untethered statement concerning" policies and procedures neither alerted the prison to a specific policy and practice or invited them to take action. *Id*.

But Ruffin's grievance differs from the one presented in *Nally*. Ruffin's grievance noted that Wexford continued to deny his referrals for surgery on several occasions, noting that for two years Wexford denied referrals to an outside dermatologist. He noted that because of "this policy of theirs"—referring to Wexford's continued denial of referrals to an outside dermatologist because Ruffin's condition was (in its opinion) cosmetic—he was unable to have the lump on his shoulder removed and it continued to grow and cause increased pain (Doc. 60-3, pp. 99-100). Unlike the vague reference to a "policy/procedure" in *Nally*, which did not identify any action or lack thereof that the

plaintiff took issue with, Ruffin provided the prison with enough information to identify the issue with Wexford: the continued denial of referrals for outside care. Ruffin is not required to point to a specific policy as the grievance process is not designed to provide a defendant with notice of the potential claims against them. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)). The grievance process's "primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (internal quotations omitted). Ruffin's grievance met those requirements; his grievance identified his problem with Wexford's continued denial of referrals due to their labeling the condition cosmetic. He asked that the referrals be approved (*Id*. at pp. 99-100). This is all that is required by the exhaustion process. Thus, the Court stands by its finding that Ruffin exhausted his claim against Wexford.

## CONCLUSION

For the reasons stated above, Wexford's motion to reconsider (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 24, 2022**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**