IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>FAIYAZ AHMED, STEPHEN RITZ,<br>VIPIN K. SHAH, WEXFORD HEALTH<br>SOURCES, INC., and ROB JEFFREYS,<br><br>    Defendants. | Case No. 19-cv-1270-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mwamba M. Ruffin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

The case is before the Court on a motion to dismiss Count 4 filed by Defendants Stephen Ritz, Vipin Shah, and Wexford Health Sources, Inc. (Doc. 109). Defendant Faiyaz Ahmed requested to join in the motion (Doc. 113). The Court **GRANTS** Defendant Ahmed's motion and will consider his request for dismissal with the other Defendants' motion. Ruffin did not respond to the motion to dismiss or motion to join.

## BACKGROUND

On November 19, 2019, this case was severed from *Ruffin v. Trotter*, Case No. 19-cv-896-SMY (Docs. 1 and 2). As it pertains to this action, Ruffin's Complaint (Doc. 2) contains the following two counts:

> Count 3: Eighth Amendment claim against Faiyaz Ahmed, Stephen Ritz, Vipin K. Shah, and Wexford Health Sources, Inc., for their deliberate indifference to Ruffin's painful left shoulder mass and infection at Lawrence.
>
> Count 4: Illinois medical negligence claim against Defendants Ahmed, Ritz, Shah, and Wexford Health Sources, Inc. for delaying or denying Ruffin medical care and surgery for a painful left shoulder lipoma and infection at Lawrence.

(Doc. 14). Rob Jeffreys was later added to the case, in his official capacity only, for purposes of implementing any injunctive relief awarded to Ruffin (Doc. 54, p. 1 n. 1).[1]

On May 21, 2021, the Court assigned counsel to Ruffin to help him litigate his claims (Doc. 91). Two months later, the Court held a status conference with the parties (Doc. 101). At that time, the Court granted Ruffin a 120-day extension to file an affidavit and a physician report in support of his Illinois medical negligence claim (Count 4) as required by 735 ILCS § 5/2-622. The Court directed Ruffin's counsel to file the required documentation or, if he determined the claim was neither reasonable nor meritorious, to file a motion to amend the Complaint or seek to voluntarily dismiss the claim. Ruffin was given until November 18, 2021, to do one of these things. That date has long since passed, and nothing has been filed.

## ANALYSIS

Ruffin's medical malpractice claim is brought under Illinois law, which requires a plaintiff pursuing a medical negligence claim to file an affidavit stating that "there is a

---

[1] John Baldwin was originally in the case in both his individual and official capacity. Baldwin was later granted summary judgment for Ruffin's failure to exhaust his administrative remedies as to the claims against Baldwin, and Jeffreys was substituted in his place (in his official capacity) for injunctive purposes (Doc. 84).

reasonable and meritorious cause" for litigation of the claim, along with a physician's report in support of the affidavit. *See* 735 ILCS § 5/2-622. This requirement applies to malpractice litigation in federal court because Section 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). But in *Young v. United States*, 942 F.3d 349, 350-51 (7th Cir. 2019), the Seventh Circuit acknowledged that dismissal for failure to provide the documentation described in Section 5/2-622 should occur on summary judgment. *See Id.* (Noting that "a prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a [Section] 5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim. But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability.").

      Here, Defendants seek to dismiss Count 4 through a motion to dismiss. They do not indicate what Federal Rule of Civil Procedure they purport to bring their motion under, but a motion to dismiss is not the proper vehicle for disposing of a medical malpractice claim for failure to comply with Section 5/2-622. The Seventh Circuit made clear in *Young* that the proper vehicle is a summary judgment motion, which can be filed at any time. *See Young*, 942 F.3d at 351 (citing Fed. R. Civ. P. 56(b)). This Court previously noted that summary judgment was the proper route for disposing of the medical malpractice claim when it granted Ruffin additional time under Rule 56(d) to obtain the proper affidavit and physician report (*See* Doc. 101). Because Defendants have not

utilized the proper vehicle to address Ruffin's medical malpractice claim, the motion to dismiss (Doc. 109) is **DENIED**. Defendants may renew their request for dismissal of Count 4 by properly filing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED.**

DATED:   April 12, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**